MEMORANDUM **
Kurniawaty, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing her appeal from an immigration judge’s (“IJ”) decision denying her application for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Nagoulko v. INS, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny in part and grant in part the petition for review.
Substantial evidence does not support the IJ’s adverse credibility determination, because the IJ failed to point to inconsistencies in Kurniawaty’s testimony or offer other specific, cogent reasons for her disbelief of Kurniawaty’s Chinese ethnicity. See Garrovillas v. INS, 156 F.3d 1010, 1013-16 (9th Cir.1998); see also 8 C.F.R. § 1208.13(a) (“The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration.”).
Substantial evidence supports the BIA’s finding that Kurniawaty failed to establish she suffered past persecution in Indonesia. See Nagoulko, 333 F.3d at 1016-18. In analyzing Kurniawaty’s future fear, the BIA declined to apply the disfavored group analysis set forth in Sael v. Ashcroft, 386 F.3d 922, 927 (9th Cir.2004), to Kurniawaty’s withholding of removal claim. Intervening case law holds the disfavored group analysis does apply. See Wakkary v. Holder, 558 F.3d 1049, 1062-65 (9th Cir.2009). Accordingly, we remand to the BIA, deeming Kurniawaty’s testimony credible, see Soto-Olarte v. Holder, 555 F.3d 1089, 1095-96 (9th Cir.2009), for consideration of whether Kurniawaty is entitled to withholding of removal under Sael and Walcka'ry.
We reject Kurniawaty’s contention that the BIA violated due process by failing to consider the evidence submitted on appeal because she has not overcome the presumption that the BIA reviewed the record. See Fernandez v. Gonzales, 439 F.3d 592, 603 (9th Cir.2006).
Each party shall bear its own costs for this petition for review.
PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.